**Petrit MUJA, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

**No. 06–5625–ag.**

United States Court of Appeals, Second Circuit.

Aug. 23, 2007.

Aleksander Milch, New York, NY, for Petitioner.

Charles T. Miller, U.S. Atty. for the Southern District of West Virginia, Fred B. Westfall, Jr., Asst. U.S. Atty., Charleston, WV, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Petrit Muja, a native of Kosovo in the former Yugoslavia, seeks review of a November 29, 2006, order of the BIA denying his motion to reopen removal proceedings. *In Re Petrit Muja*, No. A76 099 352 (B.I.A. Nov. 29, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34.

With limited exceptions, a party may file only one motion to reopen removal proceedings, and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273 (2d Cir.2006); *see also* 8 U.S.C. § 1229a(c)(7). There is no time limit, however, on the filing of a motion to reopen if the motion is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding. *See Wei Guang Wang*, 437 F.3d at 273; *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. §§ 1003.2(c)(3)(ii), 1003.23(b)(4)(i). Here, there is no dispute that Muja's motion was untimely, as the BIA's decision on Muja's appeal was issued in June 2004 and Muja

filed his motion to reopen in October 2006. However, Muja argues that he is entitled to the benefit of equitable tolling or, in the alternative, the exception for changed country conditions.

A petitioner must raise before the BIA the specific issues he or she later raises in this Court. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir.2004). While not jurisdictional, this judicially imposed exhaustion requirement is mandatory. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20 (2d Cir.2007). Because Muja failed to raise equitable tolling in his brief to the BIA, and because the Government has raised this failure to exhaust in its brief to this Court, we decline to consider this issue. *See id.* at 124 (describing the issue exhaustion requirement as an "affirmative defense subject to waiver.").

To the extent that Muja's motion to reopen was based on changed country conditions, only one of the news articles attached to his motion makes reference to an act of violence perpetrated because of the victim's association with the Kosovo independence movement. This article, however, was published in 2002, and thus would have been available to Muja at the time his hearing concluded in 2003. *Norani v. Gonzales*, 451 F.3d 292, 294 & n. 3 (2d Cir.2006) (looking to the date on which the IJ closed the record as the date before which the evidence must have been unavailable, undiscoverable, or unpresentable). The newer articles do not suggest materially changed circumstances in Serbia. Rather, as the Government points out, they describe anonymous acts of violence by unknown persons and establish, at most, a degree of general civil instability in Serbia–Montenegro. We have held that general crime conditions are not a ground on which asylum can be granted.

*See Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir.1999). Accordingly, it was not arbitrary or capricious for the BIA to deny Muja the benefit of the time-bar exception based on changed country conditions. *Kaur*, 413 F.3d at 233–34.

Finally, contrary to Muja's argument, the BIA did not abuse its discretion by issuing a brief opinion. Although the BIA abuses its discretion if it "fails completely to address evidence of changed country conditions offered by a petitioner," we have also held that the BIA need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Wei Guang Wang*, 437 F.3d at 275. Here, the BIA explicitly described the evidence presented by Muja and properly concluded that the evidence failed to establish changed country conditions.

For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and the pending motion for a stay of removal is DISMISSED as moot. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).